UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES WILSON                    ]
       Petitioner,              ]
                                ]
v.                              ]         No. 3:05-1010
                                ]         Judge Campbell
WAYNE BRANDON, WARDEN           ]
       Respondent.              ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Wayne Brandon, Warden of the facility, seeking a writ of habeas corpus.

On October 15, 1999, a jury in Davidson County found the petitioner guilty of especially aggravated robbery and felony murder. For these crimes, he received concurrent sentences of life imprisonment and twenty (20) years. Docket Entry No. 14; Addendum No. 1; Appendix No. 1 at pgs. 44-48. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 14; Addendum No. 6; Appendix No. 27. The Tennessee Supreme Court later denied the petitioner's application for further review.

In October, 2003, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No. 14; Addendum No. 7; Appendix No. 28 at pgs. 1-13. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petition. Docket Entry No. 14; Addendum No. 7;

1

Appendix No. 28 at pgs. 109-112. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 14; Addendum No. 11; Appendix No. 32. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. Docket Entry No. 14; Addendum No. 13; Appendix No. 34.

On November 28, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for writ of habeas corpus. The petition consists of three primary claims for relief. These claims include:

    (1)    the petitioner was denied his right of confrontation when someone (Dr. Bruce Levy) other than the attending physician (Dr. Clara Ward) was allowed to introduce the autopsy report;

    (2)    the trial judge erred when he failed to instruct the jury on the element of recklessness; and

    (3)    the petitioner was denied the effective assistance of counsel because his attorney[1]
        a) failed to object to and appeal the "hearsay testimony of Dr. Bruce Levy";
        b) did not object to and appeal the failure to instruct the jury as to recklessness;
        c) failed to suppress the alleged confession given by the petitioner to a friend (Michael Garcia);
        d) failed to seek a mistrial when the alleged confession was not disclosed in a timely manner;
        e) did not interview a particular witness (Michael Garcia) prior to trial; and
        f) did not request a judgment of acquittal based upon a fatal variance between the indictment and the proof at trial.

Upon its receipt, the Court conducted a preliminary review of the petition and determined

---

[1] The petitioner retained Peter Strianse, a member of the Davidson County Bar, to represent him at trial and on direct appeal.

that it might be untimely. Accordingly, an order (Docket Entry No. 4) was entered directing the petitioner to show cause why his petition should not be denied for that reason. The petitioner responded with an appropriate showing of timeliness. Therefore, a second order (Docket Entry No. 6) was entered instructing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the Court is the respondent's Answer (Docket Entry No. 13) to the petition. Upon consideration of this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.

1990).

The petitioner has alleged that he was denied his right of confrontation (Claim No. 1). This claim was never raised in the state courts as a ground for relief. Moreover, five of the six alleged instances of ineffective assistance (Claim No. 3a, c-f) were presented to the state trial court on post-conviction but were never pursued on appeal. To properly satisfy the exhaustion requirement, these claims should have been fairly presented to every level of the state court system for consideration but were not. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). Unfortunately, at this late date, it appears that state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). The petitioner has offered no explanation as to why these claims were not fairly presented and exhausted in the state courts. Therefore, he has failed to demonstrate cause and prejudice sufficient to excuse the

4

procedural default of these claims.

Arguably, the petitioner's two remaining claims, i.e., the failure to instruct the jury as to the element of recklessness (Claim No. 2) and counsel's failure to object to and appeal the lack of an instruction for recklessness (Claim No. 3b) were fully exhausted in the state courts and were found to be lacking in merit.[2] When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

In addressing these claims, the state courts concluded that the petitioner was not entitled to an instruction defining recklessness. Docket Entry No. 14; Addendum No. 6; Appendix No. 27 at pg. 18. It was noted, however, that

---

[2] While these claims were not offered to the state courts as precisely as they can be found here, the state courts did address the question of recklessness during both the direct appeal and post-conviction process. Therefore, the Court considers these claims fully exhausted.

5

> Even if the trial court erred by failing to instruct the jury on the offenses of reckless homicide and criminally negligent homicide as lesser-included offenses of felony murder, we find that the error was harmless beyond a reasonable doubt. In this case, the trial court instructed the jury on both felony murder and the lesser-included offense of second degree murder. The jury convicted Defendant of felony murder. "By finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, second degree murder, the jury necessarily rejected all other lesser offenses." *Citation omitted.* Defendant is not entitled to relief on this issue.

Id, at pg. 21.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal rationale of the state courts runs contrary to federal law. Therefore, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims will not support an award of habeas corpus relief.

In the absence of an actionable claim, the Court finds that the petitioner's application for habeas corpus relief has no merit. Accordingly, this action will be dismissed.

An appropriate order will be entered.

                                                                      *Todd Campbell*
                                                                       Todd Campbell
                                                                       United States District Judge